IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY W. CHAPMAN | ) |
| | ) |
| v. | ) NO. 3-11-0504 |
| | ) JUDGE CAMPBELL |
| BANK OF AMERICA, et al. | ) |

MEMORANDUM

Pending before the Court, among other things, is Plaintiff's Motion to Remand (Docket No. 9). For the reasons stated herein, Plaintiff's Motion to Remand (Docket No. 9) is DENIED.

FACTS

Plaintiff filed this action in the Circuit Court for Davidson County, Tennessee, against Bank of America, a North Carolina banking institution, and Green Hills Financial, LLC, a Tennessee limited liability company.[1] Docket No. 1-1 (Complaint). Plaintiff seeks declaratory relief arising from a mortgage loan.

Plaintiff asserts that, on or about August 26, 2005, he executed a Note and Deed of Trust in favor of Green Hills Financial.[2] Plaintiff claims that Defendant Bank of America has asserted that it purchased the subject mortgage loan (an assertion which Plaintiff characterizes as "suspect") and has demanded payment from Plaintiff. Plaintiff seeks to have the Court determine and declare which

---

[1] Plaintiff has represented that Defendant Green Hills Financial has not been served with the Complaint. Docket No. 9, p. 3. Defendant Bank of America asserts that Green Hills Financial has been inactive and dissolved since August of 2007. Docket No. 1, p. 2 and Ex. B.

[2] There is no copy of a Note and Deed of Trust in favor of Green Hills Financial in the record.

of the Defendants, if any, has any legal or equitable rights in the Note or Deed of Trust. Docket No. 1-1.

Defendant Bank of America removed the action to this Court, alleging diversity of citizenship and claiming that Green Hills Financial, LLC was fraudulently joined as a Defendant in order to avoid federal jurisdiction. Docket No. 1. Bank of America asserts that Green Hills Financial is not, and has never been, the holder of the Note and Deed of Trust and, therefore, has no interest whatsoever in this action. Plaintiff argues that removal was improper, removal was premature, and discovery is necessary in order to determine whether Green Hills Financial or its agents acted as the original lender in this matter.

## DISCUSSION

Federal law provides that any civil action brought in state court, of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the U.S. district court. 28 U.S.C. § 1441(a).[3] If, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

The district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum of $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction cannot exist unless the plaintiffs are citizens of different states from the defendants. *Johnson v. Hill Brothers Transportation, Inc.*, 262 F.Supp.2d 889, 890-91 (E.D. Tenn. 2003). However, the citizenship upon which the diversity is claimed must be of plaintiffs and

---

[3] The burden of establishing federal jurisdiction is upon the Defendants as the removing parties, and removal statutes are strictly construed. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994).

2

defendants who are real and substantial parties to the controversy. *Id*. at 891. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. *Id*.

Plaintiff claims that removal was procedurally improper in that Defendant Green Hills Financial did not consent to removal. Generally, all defendants must join in the removal petition. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003); *Nixon v. James*, 174 F.Supp.2d 739, 743 (M.D. Tenn. 2001). There are three well-recognized exceptions to that rule, however: (1) where a defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Id*. Plaintiff admits that Green Hills Financial has not yet been served with process.

Bank of America claims that Green Hills Financial is not a real party to this controversy and, in support, has filed a copy of the subject Deed of Trust as Exhibit C to the Notice of Removal.[4] The Deed of Trust, dated August 26, 2005, is between Gary W. Chapman, "Borrower," and America's Wholesale Lender, "Lender." The Deed of Trust lists the beneficiary as MERS (Mortgage Electronic Registration Systems, Inc.) and indicates that, pursuant to the subject Note, the Borrower (Chapman) owes the Lender (America's Wholesale Lender) two million four hundred thousand dollars. Green Hills Financial is not a party to the Deed of Trust and, in fact, is not mentioned at all in the Deed of Trust.[5]

---

[4] Bank of America asserts that it filed the Note and Deed of Trust, but Exhibit C does not include a copy of the Note.

[5] Neither is Bank of America a party to or mentioned in the Deed of Trust, but that issue is not before the Court at this time.

Plaintiff has filed no evidence that Green Hills Financial was a party to the Note or Deed of Trust at issue. There is no support before the Court for Plaintiff's claim that he executed a Note and Deed of Trust in favor of Green Hills Financial. Because there is no basis for the Court to determine and declare that Green Hills Financial has any legal or equitable rights in the Note or Deed of Trust, the Court finds that Green Hills Financial is not a real party in interest to this controversy.

Therefore, diversity jurisdiction exists and, at this time, there is no basis for remand. Accordingly, Plaintiff's Motion to Remand (Docket No. 9) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE