IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY W. CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-00504 |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| GREEN HILLS FINANCIAL, LLC, | ) |
| and DOES 1-10 | ) |
| | ) |
| Defendants. | ) |

## INITIAL CASE MANAGEMENT ORDER

**1.  Jurisdiction and Venue**

This Court has determined that it has diversity jurisdiction under 28 U.S.C. § 1332 in connection with the Court's denial of the Plaintiff's Motion for Remand. The matter in controversy in this civil action thus exceeds the sum or value of $75,000, exclusive of costs and interests, as to each defendant, and is between citizens of different states.

Venue is proper in this case in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(c) as Defendants conducted business and were subject to personal jurisdiction within the Middle District of Tennessee at all material times. Venue is convenient under 28 U.S.C. § 1404.

**2.  Plaintiffs' Theory**

Plaintiff has alleged that Defendant B of A notified Plaintiff in writing that the mortgage loan the subject of this action was "later purchased by Bank of America on August 31, 2005". The letter was in response to an inquiry by the Plaintiff as to the mortgage loan and as Defendant

B of A did not originate the loan or loan Plaintiff any money. Plaintiff has alleged that the representation by Defendant B of A is suspect, as non-party Countrywide Home Loans was apparently involved with and maintained a certain interest the mortgage loan before Defendant B of A (allegedly) became involved with the loan some time in 2007, this pursuant to loan history documents provided to Plaintiff by Defendant B of A. The letter from the B of A representative further alleges that B of A "has no direct knowledge of, nor can it comment on, what may or may not have been disclosed to" Plaintiff in connection with the subject loan.

Plaintiff has alleged that based on the affirmative representation of B of A's representative that B of A purchased the subject loan within five (5) days of the closing and funding thereof, it is not credible that Defendant B of A would have no knowledge of what the originating lender would have disclosed to the Plaintiff as to a loan with a principal balance of $2.4 million (which subsequently escalated to over $2.534 million pursuant to a "loan history" provided by Defendant B of A, with the loan currently in excess of $2.4 million) which Defendant B of A obviously intended to purchase within 120 hours of the loan closing. Plaintiff has alleged that in view of the alleged "purchase" of the mortgage loan within 120 hours of the closing thereof; the involvement of Countrywide Home Loans; the fact that Defendant B of A has been heavily involved in mortgage loan securitizations including securitization of "jumbo" mortgage loans exceeding $1 million; and the fact that the Plaintiff could never have properly qualified for the loan, it appears that the Plaintiff's mortgage loan was originated for the sole purpose of funneling the loan into a securitized mortgage transaction where the bundle of rights incident to the Note and Deed of Trust were sold, in parsed fashion, to one or more third parties for the purpose of transferring the loan through a Special Investment Vehicle (SIV) or Special Purpose Vehicle (SPV) to a securitized mortgage loan trust to collateralize one or more series of Collateralized Debt Obligations (CDOs), Collateralized Mortgage Obligations (CMOs), or other

form of mortgage-backed security (MBS) and/or in connection with one or more credit default swaps (CDS) so that when the loan went into default (which Defendant knew would occur as the loan was *per se* predatory) that Defendant B of A could reap multiple profits from claims made against various insurances attached to the mortgage loan as part of the sale/securitization process. Plaintiff has alleged that further and in connection with the inconsistencies as to the loan history set forth above, the true present owner and holder of the Note and Deed of Trust are unknown, and it is not known what interest in the loan Defendant B of A actually holds or ever held, if any, especially as Plaintiff has never been provided with any evidence of any assignment of either the Note or the Deed of Trust from the original lender to Defendant B of A or any other entity.

**3.     Theories of Defendants.**

   **a.     Bank of America, N.A.**

Plaintiff has not made a regular payment on his mortgage since September 2008. He files the instant lawsuit in an attempt to improperly delay the foreclosure of his home. He does not dispute payment history or his delinquency, rather he claims that Bank of America, N.A., as the loan servicer does not have the authority to institute foreclosure proceedings. This is simply incorrect under the law and facts of this case.

Despite his unfounded allegations to the contrary, the original Note and Deed of Trust executed by Plaintiff clearly state that the original lender for Plaintiff's mortgage loan was America's Wholesale Lender (a d/b/a of Countrywide Home Loans, Inc.). Plaintiff is not entitled to the relief he seeks because Bank of America, N.A. can establish that Countrywide Home Loans, Inc. was the original lender for this note and that subsequent holders were holders in due course with valid chain of title.

**4.     Service of Process.**  Service of process upon Defendant Bank of America, N.A. is complete.

**5.     Discovery**.

   a.   <u>Mandatory Initial Disclosures</u>.  Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 21 days after the initial case management conference.

   b.   <u>Fact Discovery</u> is to be completed by February 1, 2012.

   c.   <u>Deadline for filing discovery related motions</u>:  March 2, 2012.

**6.     Expert Witnesses**

   a.   Plaintiff shall disclose all experts with reports by March 2, 2012.

   b.   Defendants shall disclose all experts with reports by April 1, 2012.

   c.   Plaintiff shall make his experts available for depositions by May 1, 2012.

   d.   Defendants shall make their experts available for deposition by June 1, 2012.

**7.     Dispositive Motions**

   a.   All dispositive motions are to be filed by July 1, 2012.  Responses are to be filed <u>within 30 days</u>.  Replies are to be filed <u>within 14 days</u>.

**8.     Motions to Amend Pleadings** shall be filed no later than February 1, 2012.

**9.     Pretrial Conference and Trial Date**.  The trial is expected to last 1-2 days. The target trial date (for trial in Judge Campbell's court) is December 4, 2012.

**10.    Modification**.  This order may be modified for good cause.

It is so **ORDERED**.

**ENTERED** this _____ day of _____, 2011.

_____
E. Clifton Knowles
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

s/*Donna L. Roberts*
Donna L. Roberts (BPR #22249)
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone (615) 782- 2200
Facsimile (615) 742-0714
donna.roberts@stites.com

***Counsel for Defendant Bank of America, N.A.***

## CERTIFICATE OF SERVICE

I hereby certify that on **August 2, 2011,** a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, as indicated below. Parties may also access this filing through the Court's ECF system.

Via Court ECF Notice:

John Frank Higgins
116 Third Avenue South
Nashville, Tennessee 37201
john@hhpfirm.com

Jeff Barnes
W.J. Barnes, P.A.
2901 West Coast Highway, Suite 350
Newport Beach, California 92663
jeff@wjbarneslaw.com

*Attorneys for Plaintiff*

                                            *s/ Donna L. Roberts*
                                            Donna L. Roberts