IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY W. CHAPMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:11-cv-00504 |
| BANK OF AMERICA, GREEN HILLS FINANCIAL, LLC, and DOES 1-10 | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF
DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS**

Defendant Bank of America, N.A. ("BANA" or "Defendant"), by and through its undersigned counsel, respectfully submits this Reply in support of its Motion to Dismiss Plaintiff Gary W. Chapman's Complaint, stating as follows:

**INTRODUCTION**

The central allegation of Plaintiff's Complaint is that "Plaintiff has never been provided with any assignment of either the Note or the Deed of Trust from the original lender (Defendant GHF [Green Hills Financial]) to Defendant B of A or any other entity." See Compl. ¶ 15. Based on this allegation, Plaintiff brought a single claim for declaratory relief that "Defendant B of A has no legal ownership, or equitable interest in either the Note or Deed of Trust." See Compl. at 6. However, this Court has already held that "there is no basis for the Court to determine and declare that Green Hills Financial has any legal or equitable rights in the Note or Deed of Trust." See Memorandum on Plaintiff's Motion to Remand, Dkt. No. 13. In desperation, Plaintiff has submitted a Response in Opposition to Defendant's Motion to Dismiss (the "Response") that

completely abandons the original allegations of the Complaint regarding Green Hills Financial and attempts to set forth an entirely new legal theory to support a claim for declaratory relief. However, as described below, Plaintiff's Response fails to correct the Complaint's fatal deficiencies. Therefore, this Court should grant Defendant's Motion to Dismiss and dismiss the Complaint with prejudice.

## ARGUMENT

As stated more fully in Defendant's Motion to Dismiss, Dkt. No. 6, Plaintiff's claim for declaratory relief must be dismissed if Plaintiff fails to allege the existence of a "bona fide disagreement." See Colonial Pipeline Co. v. Morgan, 263 S.W.3d 827, 837-38 (Tenn. 2008) (citations omitted). This Court has already ruled that there is no bona fide disagreement regarding an alleged ownership interest by Green Hills Financial in Plaintiff's mortgage. In addition, Plaintiff improperly suggests that Defendant is required to offer evidentiary proof in support of its Motion to Dismiss and impermissibly attempts to raise new factual issues regarding MERS for the very first time in response to Defendant's Motion to Dismiss. However, because Plaintiff fails to allege the existence of any other bona fide disagreement regarding his home loan, his claim for declaratory relief must be dismissed.

I. **PLAINTIFF IMPROPERLY SUGGESTS THAT DEFENDANT IS REQUIRED TO OFFER EVIDENTIARY PROOF IN SUPPORT OF ITS MOTION TO DISMISS.**

Plaintiff's Response repeatedly argues that Defendant has not "provided any proof or offer of proof" regarding a variety of issues relating to Plaintiff's home loan. See Dkt. No. 13 ¶¶ 3, 5, 6, 7. This argument improperly suggests that Defendant, when moving to dismiss the Complaint pursuant to Rule 12(b)(6), is somehow required to offer evidentiary proof to refute the medley of hypothetical scenarios raised by the Complaint and Plaintiff's Response. Defendant is

not required by the Federal Rules of Civil Procedure to provide "any proof or offer of proof" to debunk Plaintiff's baseless allegations in moving to dismiss the Complaint pursuant to Rule 12(b)(6). In fact, a court is not <u>permitted</u> to consider matters outside of the pleadings on a Rule 12(b)(6) motion to dismiss, as a motion under Rule 12(b)(6) only "tests the sufficiency of the plaintiff's claim for relief." <u>Armengau v. Cline</u>, 7 Fed. Appx. 336, 343 (6th Cir. 2001) (citing <u>Sims v. Mercy Hosp. of Monroe</u>, 451 F.2d 171, 173 (6th Cir. 1971) (per curiam) ("A motion under Rule 12(b)(6) is directed solely to the complaint itself . . . .")). Therefore, when deciding a motion to dismiss "a court may consider only matters properly a part of the complaint or pleadings." <u>Id.</u>

In other words, Plaintiff's argument misapprehends the standard of review for a 12(b)(6) motion to dismiss, which requires that "the plaintiff's factual allegations, when assumed to be true, must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotations omitted); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (holding that a motion to dismiss must be granted if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct"). Here, Plaintiff's hypothetical scenarios regarding the mere possibility of misconduct relating to his home loan, in the absence of specific factual allegations, are insufficient to raise his right to relief above the speculative level. Therefore, Defendant's Motion to Dismiss must be granted.

## II. PLAINTIFF MAY NOT RAISE NEW FACTUAL ISSUES REGARDING MERS FOR THE FIRST TIME IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS.

Faced with imminent dismissal of the baseless claims in his Complaint, Plaintiff reverses course and devotes more than ten pages of his Response to providing case law that analyzes the MERS system—something not even mentioned in the Complaint. However, because Plaintiff's

allegations regarding MERS are nowhere to be found in his Complaint, they cannot be raised as a last ditch attempt to defeat Defendant's Motion to Dismiss. In addition, Plaintiff fails to explain how any of this MERS case law is somehow relevant to his sole cause of action for declaratory judgment.

A plaintiff cannot raise new factual allegations for the first time in a response in opposition to a motion to dismiss. See Orea Energy Group, LLC v. East Tennessee Consultants, Inc., No. 3:09-CV-041, 2009 U.S. Dist. LEXIS 93256 at *8 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation omitted); M.S. Chambliss v. Coca-Cola Bottling Corp., 274 F. Supp. 401, 409 (E.D. Tenn. 1967) ("Even under the liberal federal rules of pleading, the practice of amending by brief seems inappropriate."). Here, Plaintiff's Complaint does not contain a single allegation of impropriety the MERS system. See Dkt. No. 1. Rather, Plaintiff raises this new theory in his Response because his original theory regarding Green Hills Financial has already been rejected by this Court. As such, Plaintiff's new claims regarding MERS are insufficient to demonstrate why the Complaint should not be dismissed for failure to state a claim. See Orea at *8–9 ("The allegations contained only in plaintiff's briefing thus do not address defendant's Rule 12(b)(6) argument that *the complaint* fails to state a claim upon which relief can be granted.") (emphasis in original).

Out of an abundance of caution, it should be noted that the MERS case law cited by Plaintiff is entirely irrelevant to his sole cause of action for declaratory relief, as Plaintiff does not allege that his Note or Deed of Trust have actually been transferred through the MERS system. Further, Plaintiff's Response mischaracterizes a reference to MERS found in

Defendant's Motion to Dismiss. Plaintiff argues that "Defendant BOA's Motion [to Dismiss] purports to substantiate a general transfer of the mortgage loan through the MERS system in an attempt to argue, in unsworn fashion, that the mortgage loan [sic] the subject of this action somehow magically wound up in Defendant BOA's possession." Dkt. No. 16 at ¶ 10. It must be emphasized that Defendant's Motion to Dismiss does not make any such allegation. Defendant mentioned MERS only to establish that the Deed of Trust would <u>permit</u> the sale or transfer of the Note through the MERS system <u>without prior notice</u> to Plaintiff. However, the Motion to Dismiss does not include any allegation as to whether such transfer has or has not actually occurred. In fact, this type of factual allegation would have been improper to include in a 12(b)(6) motion to dismiss.

Because Plaintiff's new allegations regarding MERS are raised for the first time in his response, they are inadequate to demonstrate why the Complaint should be not dismissed for failure to state a claim. Therefore, Defendant's Motion to Dismiss should be granted.

### III. PLAINTIFF DOES NOT ALLEGE ANY DISPUTE OR CONTROVERSY REGARDING THE RELATIONSHIP BETWEEN BANK OF AMERICA AND COUNTRYWIDE.

As discussed in Defendant's Motion to Dismiss, the Note and Deed of Trust establish that the original lender for Plaintiff's mortgage was Countywide Home Loans d/b/a America's Wholesale Lender, which is now a subsidiary of Bank of America Corporation. This merger is a matter of public record. Therefore, it is not surprising that Plaintiff has never alleged any dispute or controversy regarding the relationship between Bank of America and Countrywide.

This Court has previously noted that "[n]either is Bank of America a party to or mentioned in the Deed of Trust." <u>See</u> Memorandum on Plaintiff's Motion to Remand, Dkt. No. 13 at 3 n.5. However, this fact alone cannot establish the existence of a "bona fide

disagreement" that is sufficient to support a claim for declaratory judgment. See <u>Colonial Pipeline Co.</u>, 263 S.W.3d at 837-38. To hold otherwise would permit every one of the millions of homeowners with legacy-Countrywide home loans to initiate a lawsuit for declaratory judgment based on the single fact that Countrywide no longer services their mortgage. Such a result would have a catastrophic effect on the ability of lenders to foreclose on defaulted mortgages and put homes back on the market, and would severely clog an already over-burdened judicial docket.

Finally, it is worth emphasizing that Plaintiff fails to allege what would be the most telling sign of a true controversy regarding the current owner of his mortgage—an allegation that multiple parties are currently trying to service his home loan, collect on the Note, or foreclose on the Deed of Trust. In the absence of such a "bona fide disagreement," Plaintiff's sole cause of action for declaratory judgment must be dismissed for failure to state a claim. See <u>Colonial Pipeline Co.</u>, 263 S.W.3d at 837-38.

## CONCLUSION

In sum, Plaintiff fails to allege any possible controversy regarding the origination, transfer, or servicing of his Note or Deed of Trust. For these reasons, Defendant's Motion to Dismiss should be granted, and Plaintiff's Complaint for declaratory relief should be dismissed in its entirety with prejudice.

*s/ Donna L. Roberts*
Donna L. Roberts (BPR No. 022249)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
(615) 782-2200 (phone)
(615) 742-0714 (fax)

*Counsel for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 17, 2011, a copy of the foregoing *Reply in support of its Motion to Dismiss* was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, as indicated below. Parties may also access this filing through the Court's ECF system.

Via Court ECF Notice:

John Frank Higgins
116 Third Avenue South
Nashville, Tennessee 37201
john@hhpfirm.com

Jeff Barnes
W.J. Barnes, P.A.
2901 West Coast Highway, Suite 350
Newport Beach, California 92663
jeff@wjbarneslaw.com

*Attorneys for Plaintiff*

                                                *s/ Donna L. Roberts*
                                                Donna L. Roberts