IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY W. CHAPMAN | ) |
| | ) |
| v. | ) NO. 3-11-0504 |
| | ) JUDGE CAMPBELL |
| BANK OF AMERICA, et al. | ) |

## MEMORANDUM

Pending before the Court is Defendant Bank of America's Motion to Dismiss (Docket No. 6). For the reasons stated herein, Defendant's Motion to Dismiss is DENIED.

## FACTS

Plaintiff's Complaint, originally filed in state court, alleges that Plaintiff executed a Note and Deed of Trust in favor of Green Hills Financial, LLC and that Bank of America has demanded payment from Plaintiff on that Note. Docket No. 1-1. This Court found, in a previous Order, that Green Hills Financial is neither a party to nor mentioned in the subject Deed of Trust and is, therefore, not a real party in interest to this controversy. Docket No. 13.

Plaintiff's Complaint seeks a declaratory judgment to have the Court determine which, if any, of the Defendants has legal or equitable rights in the subject Note and Deed of Trust. Docket No. 1-1. As noted, the Court has already found that Defendant Green Hills Financial has no such interest. Docket No. 13.

Defendant Bank of America moves to dismiss this action, contending that there is no actual case or controversy, no real issue in dispute to be resolved by this Court.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DECLARATORY JUDGMENTS

The purpose of declaratory judgment is to settle important questions of law before the controversy has reached a more critical stage. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 837 (Tenn. 2008). The Tennessee Declaratory Judgment Act grants courts the power to declare rights, status, and other legal remedies. *Id*. A plaintiff in a declaratory judgment action must show an actual case or controversy. *Id.* "A bona fide disagreement must exist; that is, some real interest must be in dispute." *Id.* at 838.

Defendant Bank of America asserts that the original lender on the Note and Deed of Trust was Countrywide Home Loans d/b/a America's Wholesale Lender. Defendant also asserts that Countrywide Home Loans is now a subsidiary of Bank of America, a fact noted by another district court in *Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 836 (E.D. Mich. 2010). Thus,

Defendant claims, there is no dispute as to how Bank of America owns the Note and, therefore, there is no case or controversy to be decided in this action.

Yet, the Note and Deed of Trust filed with Defendant's Motion state that the Lender on this mortgage is America's Wholesale Lender. Docket No. 7-1. There is nothing in the Complaint or the subject documents to evidence that Countrywide Home Loans does business as America's Wholesale Lender or is a party to the Note or the Deed of Trust. The Court cannot assume these facts based upon the assertion of counsel in a brief.

Although Plaintiff is not claiming that any entity other than Bank of America is attempting to collect on this Note, the Court cannot determine, as a matter of law, from the allegations of the Complaint alone (supplemented by the actual Note and Deed of Trust referenced therein) that Bank of America owns this mortgage. Therefore, Defendant's Motion to Dismiss is DENIED.

The Court hereby orders the parties, however, to participate in alternative dispute resolution, pursuant to Rules 16.02 - 16.08 of the Local Rules of Court. The Magistrate Judge shall issue all necessary orders to implement the type of alternative dispute resolution he selects as appropriate.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE