IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY W. CHAPMAN )
)
v. ) NO. 3-11-0504
) JUDGE CAMPBELL
BANK OF AMERICA, et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 47). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED with prejudice.

FACTS[1]

Plaintiff's Amended Complaint (Docket No. 39) asks the Court to determine whether the Defendants have legal or equitable rights in a certain Note and Deed of Trust. Plaintiff also seeks damages for unjust enrichment and alleged violations of the Tennessee Consumer Protection Act.

Defendant Bank of America previously moved to dismiss this action against it, and the Court, using the standard for analyzing motions to dismiss, found that Defendant's Motion should be denied. Docket Nos. 21-22.[2]

---

[1] Plaintiff's Response to Defendants' Statement of Undisputed Facts was late-filed, with no citations as required by Local Rule 56.01. The Court allowed Plaintiff to refile an amended Response. The Amended Response, although purporting to include cites, does not comply with Local Rule 56.01(c).

[2] Contrary to Plaintiff's assertions, the Court did not make findings of fact in deciding the Motion to Dismiss. The Court considered only the pleadings, as required by law.

Plaintiff alleges that on August 26, 2005, Plaintiff executed a Note for $2,400,000.00 secured by a Deed of Trust in favor of an entity called America's Wholesale Lender. Defendant has shown that a corporation called Countrywide Home Loans, Inc. does business in Tennessee as America's Wholesale Lender. Docket No. 48-1, Exhibit 3. Plaintiff's Amended Complaint asserts that the real property covered by the Deed of Trust is located in Davidson County, Tennessee and is Plaintiff's residence.

Defendants have presented proof that, on or before March 17, 2006, the subject Note was endorsed in blank by Countrywide Home Loans, Inc. d/b/a/ America's Wholesale Lender[3] and was then negotiated by transfer of possession to The Bank of New York Mellon on March 17, 2006. Docket No. 48-1, ¶ 6. The transfer of the Note automatically carried with it the assignment of the Deed of Trust to The Bank of New York Mellon.[4] The assignment is also evidenced by a written Assignment of Deed of Trust. Docket No. 48-1, ¶ 7 and Exhibit 4.

Plaintiff has not presented any evidence that the Note or Deed of Trust has been otherwise or further assigned, and Defendants have offered sworn testimony that no other assignment of these instruments was made. Docket No. 48-1, ¶ 7. Thus, The Bank of New York Mellon is the current owner and holder of both the Note and the Deed of Trust.

Defendants also have provided testimony that the original loan servicer for this loan was Countrywide Home Loans Servicing, LP, which later changed its name to BAC Home Loans

---

[3] When a note is endorsed in blank without recourse, it is payable to the bearer and the bearer is entitled to enforce the note as the holder. Tenn. Code Ann. §§ 47-3-205(b), 47-1-201(21)(A) and 47-3-301.

[4] It is well-settled under Tennessee law that any assignment of a note automatically transfers beneficial ownership of the accompanying deed of trust. *Samples v. Bank of America, N.A.*, 2012 WL 1309135 at * 4 (E.D. Tenn. April 16, 2012).

Servicing, LP. Docket No. 48-1, ¶ 9. On July 1, 2011, BAC Home Loans Servicing, LP merged with and into Bank of America, NA. *Id.*

Thus, Bank of America, NA, as successor by merger to BAC Home Loans Servicing, LP, currently services Plaintiff's loan on behalf of The Bank of New York Mellon. Docket No. 48-1, ¶ 10. Defendants contend that Plaintiff has not made any payments on his loan since October 2008. *Id.*, ¶ 11.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive

summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

DISCUSSION

First, the Court will address Plaintiff's attack on the Affidavit of Lorena Diaz (Docket No. 48-1). Plaintiff claims that the Affidavit is not competent evidence to support summary judgment. The Federal Rules of Civil Procedure provide that affidavits used to support a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). Ms. Diaz's Affidavit states that she is an Assistant Vice-President, Operations Team Lead of Defendant Bank of America, NA, is competent to testify, is familiar with the books and records of Bank of America, NA and is authorized to make the Affidavit. Docket No. 48-1, ¶¶ 1-3. Ms. Diaz further testified that each and every statement of fact contained in the Affidavit is true and correct based upon her first-hand knowledge or upon information obtained from documents that were generated and maintained in the ordinary course of business of Bank of America, NA. *Id.*, ¶ 3. The Court finds that the Affidavit of Ms. Diaz meets the requirements of Fed. R. Civ. P. 56(c)(4).

Based upon Ms. Diaz's Affidavit and the materials attached thereto, which are uncontroverted by competent evidence, the Court finds that the Note and Deed of Trust were transferred to Defendant The Bank of New York Mellon, and The Bank of New York Mellon is entitled to enforce them. Moreover, the Court finds that when BAC Home Loans Servicing, formerly known as Countrywide Home Loan Servicing, merged with and into Defendant Bank of America, Defendant Bank of America became the mortgage servicing company for Plaintiff's Note and Deed of Trust.

4

Plaintiff's arguments concerning a Pooling and Servicing Agreement and corresponding trust are misplaced. Plaintiff is not a party to that Agreement and has no standing to challenge Defendants' compliance therewith. *See Devoe v. Nationwide Trustee Services, Inc.*, 2012 WL 1565436 at * 4 (E.D. Tenn. May 1, 2012). Plaintiff's Deed of Trust provides that it can be sold one or more times without notice to Plaintiff. Docket No. 48-1, Exhibit 2, ¶ 20.

For all these reasons, Defendants have carried their burden of showing that there are no genuine issues of material fact as to whether they are legal owners of the Note and Deed of Trust, with rights to enforce those instruments against the Plaintiff, and that they are entitled to judgment as a matter of law. Because Plaintiff's unjust enrichment and Tennessee Consumer Protection Act claims depend on finding this issue in favor of the Plaintiff, those claims fail as well.

## CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment (Docket No. 47) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE